■ CITY OF BINGHAMTON, Appellant, v. DONALD W. KRAMER et al., as Cotrustees under the Will of ADELAIDE P. CLEVELAND, Deceased, et al., Respondents.— GIBSON, P. J. Appeal from an order of the Supreme Court at Special Term which confirmed the report of commissioners appointed to ascertain the compensation to be paid for the appropriation of real property by the City of Binghamton for the purposes of an urban renewal project. The record before us was carefully made, demonstrating alternative approaches to the valuations testified to by the experts, and was, quite evidently, carefully considered by the commissioners; and we find no basis upon which we may disturb their findings, within the strictly circumscribed limits of our authority. (See *Matter of Huie* [*Fletcher-City of New York*], 2 N Y 2d 168, 170–171; *New York State Elec. & Gas Corp.* v. *Moratto*, 25 A D 2d 913.) Appellant attacks the procedure whereby respondents' expert appraiser assigned to land value alone the consideration paid on certain comparable sales of lands and improvements, the expert's theory being that because these purchases were made with intent to demolish the buildings and to sell the vacant land for redevelopment, the prices paid represented raw land values. While those prices doubtless represented the amounts the purchaser was willing to pay for land without regard to its existing improvements, they did not necessarily represent the true values of vacant lands in the general market. It does not appear, however, that the commissioners relied upon the values thus assumed to arrive at an incorrect result nor, indeed, is it demonstrated that either the expert's evaluation of $10 per square foot or the commissioners' finding of the equivalent of $8.33 per square foot was inflated; considering that the 11 comparables utilized by the expert had a spread of from $7.58 to $27.44 and, further and more important, that the over-all valuation at which respondents'

expert arrived did not depend merely on the land values determined in that fashion but on other procedures as well, two of which, by capitalization of both net and gross returns from the property, without regard to land valuations, arrived at appraisals consistent with those which employed the $10-per-square-foot valuation. Similarly, the proof of sales to the condemnor, to which appellant objects as establishing an improper standard, was not prejudicial, in the light of the record as a whole and in view of the other proof of unquestioned competency. The commissioners were warranted in accepting proof of certain comparable sales as against the objection of remoteness, upon crediting respondents' proof that more recent sales reflected an artificial depression of property values due to the imminent urban renewal program. We find no basis, in this record, to disturb the discretion exercised by Special Term in granting an additional allowance of costs. (Condemnation Law, § 16, subd. 2.) Order affirmed, with costs to respondents. Reynolds, Taylor, Aulisi and Staley, Jr., JJ., concur.